OPINION OF THE COURT
Charles Ramos, J.
This matter was tried before this court without a jury. The issues to be determined on this trial have been obscured by actions of plaintiff’s counsel. Contained in plaintiff’s memorandum of law is a disclosure that the plaintiff had prevailed to the extent of $5,000 in compulsory arbitration and that it was the defendant who requested a trial de novo.
In light of the fact that the monetary jurisdiction of this court is about to be increased to $25,000 and that compulsory arbitration may, in all likelihood, deal with matters of greater import, it is appropriate for this court to speak clearly and publicly on the propriety of the all too frequent practice of disclosing to the court, without the adversary’s consent, the prior determination in compulsory arbitration.
A party may not prevail for many reasons. In compulsory arbitration the rules of evidence and substantive law are not enforceable, and without a record, no review would be possible if permitted. Some litigants deliberately fail to appear at the arbitration, having confidence that the unsuccessful party will request a trial de novo. This is not intended to denigrate the compulsory arbitration system which finally disposes of more than 90% of the matters referred, but it does explain why the result of an arbitration is not admissible at the trial de novo.
*828 The court must never lose sight of the fact that the right to a trial upon the applicable substantive and procedural law in a court of record is an absolute right and that any attempt by a party to influence that outcome of a plenary trial is wrongful and must not be countenanced as “de minimus”.
Clearly the revealing of the outcome of the arbitration in a posttrial memo is an attempt to influence the trier of the facts.
The disclosure by the plaintiff of the outcome compels this court to direct a mistrial.